# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MALLICK G & M, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-451 c/w 22-452** |
| **AGILITY RESTORATIONS, LLC** | **SECTION: "P" (5)** |
| | ***Applies to: Both Cases*** |

## ORDER AND REASONS

Before the Court is the Motion to Set Aside Entry of Default and to Vacate Order Dismissing Without Prejudice Plaintiffs' Claims filed by Mallick G & M, LLC and Bayou Mallick, LLC (collectively, "the Mallick entities").[1] Agility Restorations, LLC opposes the motion.[2] Having considered the parties' arguments, the record, and the applicable law, the Court grants the Mallick entities' motion for the following reasons.

### I.  Background/Procedural History

This consolidated action involves claims by Mallick G & M, LLC and Bayou Mallick, LLC against Agility Restorations, LLC,[3] as well as counterclaims by Agility against Mallick G & M and Bayou Mallick.[4] Although the Mallick entities were represented by counsel at the time they filed their respective claims against Agility and their respective answers to Agility's counterclaims, counsel for the Mallick entities later withdrew from representation in this matter,[5] leaving the Mallick entities as unrepresented limited liability companies. This action was then transferred to the undersigned district judge.[6] After discovering that Mallick G & M and Bayou Mallick were

---

[1] R. Doc. 78.
[2] R. Doc. 87.
[3] R. Doc. 1-2 (Mallick G & M, LLC); Civil Action No. 22-452, R. Doc. 1-2 (Bayou Mallick, LLC).
[4] R. Docs. 33, 34.
[5] R. Doc. 56.
[6] R. Doc. 61.

unrepresented LLCs, the Court issued an Order, informing the Mallick entities that, as fictional legal persons, they must be represented by licensed counsel.[7] The Court provided the Mallick entities with 45 days from the date of the Order to enroll counsel of record.[8] The Court's Order also contained a warning to the Mallick entities that failure to comply with the Order could result in sanctions, including the dismissal of the Mallick entities' claims against Agility.[9]

Because the Mallick entities remained unrepresented more than 45 days after the Court's Order, the Court dismissed, without prejudice, the Mallick entities' claims against Agility.[10] The Court also struck the Mallick entities' responsive pleadings to Agility's counterclaims.[11] As a result, the Mallick entities were in default with respect to Agility's claims against them, and the Clerk of Court entered default against the Mallick entities pursuant to Federal Rule of Civil Procedure 55(a).[12] The Mallick entities have now enrolled counsel of record and, thus, move the Court to set aside the entry of default and to vacate the order dismissing their claims against Agility and striking their responsive pleadings.[13] Agility opposes the Mallick entities' motion and, separately, moves the Court for default judgment against the Mallick entities.

II.    **LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause."[14] Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a

---

[7] R. Doc. 66.
[8] *Id.*
[9] *Id.*
[10] R. Doc. 70.
[11] *Id.*
[12] R. Doc. 71.
[13] R. Doc. 78.
[14] FED. R. CIV. P. 55(c).

2

party to answer a complaint timely."[15]  In determining whether there is good cause to set aside a default, a district court should consider: (i) whether the default was willful; (ii) whether setting aside the default would prejudice the adversary; and (iii) whether the defaulting party has presented a meritorious defense to the claims against it.[16]  These factors are not exclusive, and a court may also consider other factors.[17]  "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."[18]  All factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored.[19]

Here, the Court finds good cause to set aside the entry of default.  This case is unlike the typical entry-of-default case in which the defendant fails to timely file a responsive pleading to the claims asserted against it. As an initial matter, the Mallick entities *did* timely answer Agility's counterclaims.  It was only after Mallick's original counsel of record was permitted to withdraw from representation that the Court struck Mallick's answers because an LLC must be represented by licensed counsel. Moreover, while the Mallick entities were warned that sanctions could be imposed if they failed to enroll counsel of record, the Court's warning focused on dismissal of the Mallick entities' claims against Agility.  The Court's warning did not mention the possibility that the Mallick entities' answers in response to Agility's counterclaims could be stricken. The Court therefore does not find that the Mallick entities' default was willful.  Second, considering the

---

[15] *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992).
[16] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Dierschke,* 975 F.2d at 183.
[17] *Dierschke*, 975 F.2d at 184.
[18] *Id.*
[19] *See Lacy*, 227 F.3d at 292 (5th Cir. 2000) ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'"); *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits. Strict enforcement of defaults has no place in the Federal Rules . . ..").

arguments presented by both sides, the Court finds that any potential prejudice Agility would suffer as a result of setting aside the entry of default is negligible. Third, the Court concludes the Mallick entities have presented a meritorious defense to the claims against it. The allegations supporting the Mallick entities' claims against Agility, if proven at trial, would constitute a complete defense to Agility's counterclaims.

The Court is, of course, mindful of the length of time this action has been pending. However, considering the factors mentioned above, as well as the general policy in favor of resolving cases on their merits and against the use of default judgments, the Court, exercising its sound discretion, finds good cause to set aside the entry of default as to the Mallick entities. The Court further finds that its August 26, 2024 Order dismissing the Mallick entities' claims without prejudice and striking the Mallick entities' answers to Agility's counterclaims should be vacated.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Mallick entities' Motion to Set Aside Entry of Default and to Vacate Order Dismissing Without Prejudice Plaintiffs' Claims (R. Doc. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 54(b), the Court's August 26, 2024 Order (R. Doc. 70) is **VACATED**. Accordingly, the Mallick entities' claims against Agility remain pending, and their answers to Agility's counterclaims are not stricken from the record. The Clerk of Court shall take all corrective action necessary for the docket to reflect these changes.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(c), the entry of default as to the Mallick entities (R. Doc. 71) is **SET ASIDE**.

**IT IS FURTHER ORDERED** that Agility's Motion for Default Judgment (R. Doc. 74) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 28th day of August 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**